J. R. SILVA *et al. vs.* A. J. LOPEZ *et al.*

APPEAL FROM DECREE OF PRESTON, J.

APRIL TERM, 1886.

JUDD, C. J; McCULLY and PRESTON, JJ.

In a bill to set aside a sale made under a power in a mortgage, plaintiffs offered to pay the mortgagee any sum found due on the mortgage, upon an accounting.

Held that this gave a Court of Equity power to decree that plaintiffs pay said mortgagee the deficiency following a subsequent sale on foreclosure by order of the Court.

Appeal dismissed.

OPINION OF THE COURT, BY JUDD, C. J.

IT appears that at the close of this case, which has been before the Court in various stages since August, 1884, at a hearing had before Mr. Justice Preston, on January 19, 1886, decree was made ordering judgment in favor of A. J. Lopez against John R. Silva for $1,063 26, being the amount due and unpaid and owing by John R. Silva to said Antonio J. Lopez, after deducting the amount realized from the sale of the mortgaged property, which amount, so realized, has been deducted and paid to said Lopez on account of the finding of the amount due him by the Master's Report, of $7,201 10, said sum so paid on account of said sale being $6,137 84. And it is further ordered that the Clerk pay the balance of money in his hands on account of said mortgage sale to the said A. J. Lopez.

From this decree Messrs. Ashford & Ashford, attorneys for J. R. Silva, appeal and say that the Court has no jurisdiction to render judgment against complainant; that the respondent, Lopez, should have filed a cross-bill to entitle him to judgment.

The bill in this case was to set aside a sale made by defendant under a power of sale in a mortgage by the plaintiffs, and the allegations therein make it substantially a bill for an account and for redemption of the mortgage.

It contains the tender to do equity, as follows: "Your orators and oratrices hereby offering to pay said mortgagee or other parties in interest whatever sum or sums may, upon such account as above prayed for, be found due and owing upon said mortgage."

We think this was sufficient upon which to decree judgment against the complainant for the amount found due by him on the reference.

The decree of Mr. Justice Preston, of 19th January, 1886, was in conformity to the decree of the full Court of date the 14th October, 1885. The part in question is as follows:

" And this Court doth further order and decree that the property comprised in the said deed of mortgage be sold by public auction under the order, direction and control of one of the Judges of this Honorable Court, at the expiration of one month from the date of the ascertaining the amount due in respect thereof, unless previous to such sale the complainants pay to the defendant Lopez the amount ascertained to be due as aforesaid ; and that the money arising from such sale be paid into Court, and after payment thereout of the amount due to the defendant Lopez, the residue be divided among the parties complainant according to their respective interests."

It is clear that as the complainant did not pay the amount found due on his mortgage, the sale of the mortgaged property was justified, and was necessary to foreclose the mortgage and end the litigation. The proceeds of the sale were insufficient to pay the amount found due, and a judgment over for the deficiency followed, according to the practice of this Court in foreclosures of mortgages.

We are referred by counsel for plaintiff to 2 Jones on Mortgages, Sec. 1711, as follows: "A Court of equity cannot, independent of any provision of statute giving the authority, decree the payment of the balance that may remain of the mortgage debt after applying the proceeds of the property mortgaged, unless the debt, without the mortgage, was such that a Court of Chancery would have jurisdiction of it and could enforce it." * * * "Without the aid of a statute or of circumstances giving

equitable jurisdiction over the demand, the only proper remedy for the deficiency is by action at law upon the bond or note."

Citing *Dunkley vs. Van Buren*, 3 Johns., Ch. 331.

We also refer to 2 Jones' Mortgages, Sec. 1095. "The bill to redeem must make a tender of the amount the plaintiff concedes to be due on the mortgage debt, or must offer to pay whatever may be found to be due."

It seems to us that the admission in the bill of the execution of the note and the mortgage securing it, and the offer to pay whatever sum or sums may, upon account, be found due, gives this Court in equity jurisdiction over the debt and the means of enforcing it.

The appeal is dismissed.

*Ashford & Ashford*, for plaintiff.

*C. Brown*, for defendant.

Honolulu, April 28, 1886.